WENTWORTH, Senior Judge.
Appellants, owners of hotels along Amelia Island Beach, challenge a circuit court’s final judgment denying their request for declaratory relief and ruling that vehicular traffic is permitted on the beaches within the exclusive jurisdiction of appellee, Nassau County. Appellants now argue, as they did in the circuit court, that Nassau County Ordinance 89-23 purporting to allow beach vehicular traffic is invalid because it conflicts with section 161.58, Florida Statutes (1989), which prohibits such traffic. Alternatively, appellants argue that even if valid, the ordinance does not permit unlimited beach traffic because by its terms the ordinance incorporates restrictions on traffic set forth in a special law. Although we affirm the final judgment in holding Ordinance 89-23 valid, we disagree with the trial court’s apparent conclusion that the ordinance permits unrestricted traffic. We must therefore reverse in part and remand the cause to permit amendment of the final judgment in accordance with this opinion.
The origins of this controversy can be traced to 1985 when the legislature severely restricted vehicular traffic on Florida beaches with the passage of section 161.58, F.S. As amended in 1988, section 161.58 prohibited beach traffic except to the extent such traffic was authorized by a three-fifths vote of the local governing body. In addition, to authorize beach traffic, the local governing body must have made a determination by October 1, 1989, that it had available less than 50 percent of its peak user demand for off-beach parking. The statute thus tied local government’s ability to authorize traffic to local need for additional off-beach parking. Parking demand and availability was to be determined according to rules promulgated by the Department of Natural Resources (DNR). See § 161.58, Fla.Stat. (1989).
The Nassau County Commission met on June 1, 1989, with representatives of appellants in attendance. Commission members expressed fears that under the newly promulgated DNR rules implementing section 161.58, Nassau County would not have the requisite shortage of parking to enable the Commission to authorize vehicular traffic on County beaches. The Commission and appellants discussed a compromise in the form of a special law to be introduced by local state legislators. The Commission voted to submit a special law that would preserve on-beach parking in specified nonresort locations and near undeveloped resort parcels.
On June 28, 1989, after passing unanimously in both houses, the legislature enacted Senate Bill 1577. The special law, which pertained exclusively to Nassau County, permitted on-beach parking in specified nonresort areas. Parking was also permitted in undeveloped resort areas, *1063 but would be prohibited once a certificate of occupancy was issued for the parcel; parking would continue at the newly developed resort parcels only upon a determination that available parking met less than 70 percent of peak user demand. The only explicit reference to traffic or driving on the beach is found in the following provisions:
Section 2. Any resort area parcels which are developed and which are not contiguous must have lanes of traffic connecting with defined lanes identified by traffic-path indicators.
Section 3. A motorized tram system is hereby authorized on the Atlantic Ocean beaches within the jurisdiction of Nassau County.
Ch. 89-445, Laws of Fla. (e.s.)
Despite the passage of SB 1577, the Commission remained fearful that section 161.58 would have the effect of prohibiting beach vehicular traffic unless the County passed an ordinance authorizing such traffic as required under the terms of section 161.58. Consequently, on September 12, 1989, the Commission passed Nassau County Ordinance 89-23, which included the requisite finding that availability of off-beach parking was less than 50 percent of peak user demand. This finding, mandated by section 161.58, made it possible for the County to authorize beach traffic, as was done in the following provision of the ordinance:
Commencing March 1, 1990, the county beach areas available to vehicular traffic shall be set forth in the Special Act referred to as Senate Bill 1577.
Nassau County, Fla., Ordinance 89-23. In this manner, the ordinance expressly limited the authorization for vehicular beach traffic to the provisions of SB 1577.
When unrestricted driving continued after March 1, 1990, appellants filed a complaint for declaratory relief asking that beach traffic be deemed prohibited and that the ordinance be declared invalid for failing to make proper findings concerning parking need and availability, which findings were required by section 161.58 and the DNR rules that implement the statute. Alternatively, appellants asked the court to find that the ordinance, if valid, only authorized vehicular traffic in those areas specified in SB 1577.
In its final judgment denying relief, the trial court rejected appellants’ attack upon the validity of the ordinance. The court also rejected the argument that SB 1577 imposed restrictions on beach driving. Citing the portions of SB 1577 that authorize beach parking and the creation of traffic lanes, and reasoning that permission to park on the beach must entail permission to drive upon it, the court concluded that SB 1577 authorized vehicular beach traffic “by inference and implication.”
Appellants’ attack upon the validity of the ordinance, which was grounded on the statutory and rule methodology for computing parking need and availability, was properly rejected by the trial court. Without recounting the trial court’s detailed findings on this subject, we hold that there was sufficient evidence demonstrating that the ordinance applied the proper formula as required by section 161.58 and the applicable DNR rules. Consequently, we affirm the trial court on this issue and hold that the ordinance is valid.
We must, however, disagree with the trial court’s expansive interpretation of SB 1577, and with its apparent conclusion that the special law authorizes unrestricted driving on the beaches of Nassau County. The ordinance itself, in the above quoted language, clearly recognizes that SB 1577 imposes some restriction upon “the county beach areas available to vehicular traffic.” Upon close examination of the text, it is apparent that the bulk of SB 1577 concerns parking as opposed to driving. Although the trial court correctly concludes that beach parking presupposes some traffic or driving upon adjacent areas, it cannot reasonably be inferred that provisions authorizing parking in specified nonresort areas and on undeveloped resort parcels would suffice to authorize vehicular traffic over the entire beach. Only a single section of SB 1577 expressly references lanes of traffic and, when read together with the re *1064 maining sections, it is clear that the lanes are intended to connect parking areas.
In sum, the trial court correctly found that Nassau County Ordinance 89-23 is valid, but the final judgment is in error to the extent that it interprets the ordinance and SB 1577 as authorizing unrestricted vehicular traffic over the entire beach. Instead, the county beach areas available to vehicular traffic (other than a tram system) include only areas reasonably necessary to permit use of all specified beach parking in the manner permitted under the terms of the special act. Accordingly, the final judgment is affirmed in part, reversed in part, and remanded for entry of judgment in conformity with this opinion.
JOANOS, C.J., and WOLF, J., concur.